UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

James Corneilius Gary, #292148,    )   C/A No. 2:10-3024-JFA-RSC
                                   )
                Plaintiff,         )
                                   )
vs.                                )   **REPORT AND RECOMMENDATION**
                                   )
Jon Ozmint, Director;              )
Bernard Mckie, Warden at Kirkland Inst.  )
                                   )
                Defendants.        )
_____ )

The plaintiff, James Corneilius Gary, proceeding *pro se*,

brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an

inmate at Wateree River Correctional Institution, a facility of the

South Carolina Department of Corrections ("SCDC"), and he files

this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff

alleges that he has received inadequate and improper medical care,

and he seeks money damages. The Complaint should be dismissed for

failure to state a claim on which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district,

a careful review has been made of the *pro se* Complaint pursuant to

the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134,

110 Stat. 1321 (1996). This review has been conducted in light of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and
Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized
to review such complaints for relief and submit findings and
recommendations to the District Court.

1

the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less

stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that while he was incarcerated at Kirkland Correctional Institution he suffered a physical injury on May 3, 2010, as a result of prison officials' refusing to give him his medicine on April 21, 2010. Compl., ECF No. 1. Plaintiff alleges that on April 21, 2010, he tried to obtain his pill(s) at the pill line (apparently for high blood pressure) but allegedly Lt. Manguel

refused to call the pill line. Compl. 3. Plaintiff alleges that

instead of obtaining his pill(s), Plaintiff was handcuffed by Lt.

Manguel. *Id*. Plaintiff alleges that on May 3, 2010, he sat up on

the third bunk ("trying to sign up for sick call") and apparently

fell off the bunk and hit his head. *Id*. Plaintiff's two cell

mates allegedly explained to Plaintiff that he was unconscious and

lying on the floor. Compl. 3-4. Plaintiff's cell mates allegedly

told Plaintiff that it took Sgt. White too long to respond to the

call for help. *Id*. Plaintiff seems to allege that First Response

eventually came to his cell and ordered that the cell mates move

Plaintiff from the floor to a wheel chair. Compl. 4. Further,

Plaintiff alleges that:

> Medical never showed at the scene to check my neck or the
> injury until I was wheel chair (sic) to medical. Once at
> Richland County Hospital the medical staff brace my neck.
> Stitures (sic) was given plus a (Kat-scan). Once back at
> the Inst. (Sic) no evaluation was given. I've (sic)
> still haven't seen a optologist (sic) for my right eye.
> Numbness to the head with a twitch, and a scare for life.

*Id*.

> Plaintiff seeks the following relief:

> I would like for the court to grant me a suitable relief
> for 1.5 million dollars for deliberate indifference and
> medical neglect. 1) Having inmates to move me with no
> neck-brace, lack of medical attention, refusal to see a
> (sic) eye doctor, no medication, being on a high bunk
> with blood pressure problems. All of these things plays
> in the neglect of medical attention. Moving me from on
> (sic) Inst (sic) to another without the proper follow up.
> So please give me a proper decision that will help others
> in future to come! (Thanks)

Compl. 5.

4

Plaintiff alleges that he sued Defendant Ozmint, the Director of SCDC, because he "over see (sic) the operation of ever (sic) prison within South Carolina. As the director he is held for my health since his staff must answer to him." Compl. 2-3. Plaintiff alleges that "Bernard McKie the (Warden) over Kirkland Inst. (Sic) has to answer to Jon Ozmint for his staff doing (sic) or any major incidents." Compl. 3. Additionally, Plaintiff alleges that he filed two prison grievances on May 3, 2010, and he received a final response on November 8, 2010. Compl. 2. Plaintiff attached exhibits to the Complaint to demonstrate that he attempted to pursue his claims through the prison grievance process.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff did allege a violation of the Eighth Amendment based upon deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, to hold a defendant liable under § 1983, Plaintiff must allege that a defendant was personally involved in the misconduct. The doctrines of vicarious liability and respondeat superior generally are not applicable in § 1983 actions. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). Defendants cannot be liable under § 1983 solely because they employed, managed, or supervised a person who deprived Plaintiff of his constitutional rights. *See Farmer v. Brennan*, 511 U.S. 825, 835-48 (1994). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violated constitutional rights. *See Miltier v. Beorn*, 896 F.2d 848, 854-55 (4th Cir. 1990). In this case, Plaintiff does not allege any facts against Defendants that would indicate their authorization, indifference, or other personal involvement in Plaintiff's medical care. In fact, Plaintiff asserts that he is suing Defendants based on their staffs' actions.

Thus, Plaintiff failed to state a cognizable constitutional claim against Defendants.

Moreover, several of Plaintiff's allegations seem to claim that prison officials provided Plaintiff improper medical care. For example, Plaintiff alleges that "having inmates to move me with no neck-brace" violated his rights. This allegation, at most, raises an issue of medical malpractice or negligence. However, negligent or incorrect medical treatment is not actionable under § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

Robert S. Carr
United States Magistrate Judge

December 9 , 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).